IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **KERRY AND HENRY EKBERG** | § | |
| | § | |
| v. | § | A-11-CA-573 LY |
| | § | |
| **WELLS FARGO BANK, N.A.** | § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO:  THE HONORABLE LEE YEAKEL
     UNITED STATES DISTRICT JUDGE

Before the Court are: Defendant's Motion to Dismiss (Clerk's Doc. No. 4), filed on July 15, 2011; Plaintiffs' Objection to the Motion to Dismiss (Clerk's Doc. No. 7), filed on July 21, 2011; Defendant's Reply to Plaintiffs' Objection (Clerk's Doc. # 10), filed on August 1, 2011; and Plaintiffs' Response to Defendant's Reply, filed on September 8, 2011 (Clerk's Doc. # 12). Also before the Court are: Plaintiffs' Motion to Remand to State Court (Clerk's Doc. # 6), filed on July 21, 2011; and Defendant's Response to Plaintiffs' Motion to Remand (Clerk's Doc. # 9), filed on August 1, 2011. The District Court referred these Motions to the undersigned Magistrate Judge for Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72 and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, as amended.

**I.  FACTUAL BACKGROUND**

Kerry and Henry Ekberg ("Plaintiffs") are the owners of certain real property[1] subject to a lien secured by a Deed of Trust which identifies Wells Fargo Bank, N.A. ("Defendant") as the lender. On June 9, 2011, Plaintiffs filed a lawsuit in state court against Defendant alleging that the

---

[1] The property is located at 14604 Sandy Side Drive, Austin, Texas 78728 ("Property").

Deed of Trust on the Property was invalid and requesting that the court "remove that Deed of Trust and quiet title to the Plaintiffs." *See* Original Petition in *Ekberg v. Wells Fargo Bank*, N.A., No. D-1-GN-11-001732 (201st Dist. Ct., Travis County, Tex. June 9, 2011), at p.2. Plaintiffs further allege that they "will show that the Defendant and/or the Lender's assigns is not the holder of the original real Estate Lien note that is secured by the Deed of Trust." Petition at p. 3. On July 8, 2011, Defendant removed the case to Federal Court based on diversity jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.

Defendant has now filed a Motion to Dismiss pursuant to Rule 12(b)(6) moving to dismiss the lawsuit because it is based on an untenable legal theory. In addition, Plaintiffs have filed a Motion to Remand this case to state court. The Court will first address the Motion to Remand.

## II. PLAINTIFFS' MOTION TO REMAND

Pursuant to 28 U.S.C. § 1441(a), a defendant is permitted to remove an action from a state court to a federal court only if the action is one over which the federal court has original jurisdiction. *See* 28 U.S.C. 1441(a). Defendant removed this case to federal court on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). This statute provides that federal courts have original jurisdiction over all civil actions where the matter in controversy exceeds $75,000, exclusive of costs and interest, and diversity of citizenship exists. 28 U.S.C. § 1332(a). In its Notice of Removal, Defendant argues that the amount in controversy exceeds $75,000, and complete diversity exists between the parties since the Plaintiffs are citizens of Texas, while Defendant is a citizen of South Dakota.

Although Plaintiffs do not dispute that the amount in controversy in this case exceeds $75,000, they contend that complete diversity of citizenship does not exist. Specifically, Plaintiffs argue that Defendant should be considered a citizen of Texas for diversity purposes since it has

extensive business contacts with the State of Texas. Plaintiffs are confusing *personal* jurisdiction with *subject matter* jurisdiction. "The concepts of personal and subject matter jurisdiction are separate and distinct." *Duplantier v. United States*, 606 F.2d 654, 663 at n. 19 (5th Cir. 1979), *cert. denied*, 449 U.S. 1076 (1981). While the validity of an order of a federal court " depends upon the court's having jurisdiction over both the subject matter and the parties . . .[t]he concepts of subject-matter and personal jurisdiction . . . serve different purposes, and these different purposes affect the legal character of the two requirements." *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 701 (1982). Subject matter jurisdiction deals with whether the district court has the authority to hear and decide the case before it, i.e., whether the case involves a federal question or whether there is diversity of citizenship between the parties, and in a diversity of citizenship case, whether the amount in controversy exceeds the required jurisdictional amount. 5B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1350 (3d ed. 2004). In contrast, the question of personal jurisdiction focuses on whether the district court has jurisdiction over the defendant's person, i.e., whether the controversy or the defendant has sufficient contacts, ties, or relationships with the forum to give the court the right to exercise judicial power over the defendant. 5B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1351 (3d ed. 2004). Thus, Plaintiffs' focus on Defendant's business contacts with Texas only pertains to the question of personal jurisdiction. *See Hayward v, Chase Home Finance, LLC*, 2011 WL 2881298 at * 3 (N.D. Tex. July 18, 2011) (holding that business's contacts with the state were irrelevant to issue of subject matter jurisdiction noting that "specific and general jurisdiction analysis is only relevant when considering personal jurisdiction."); *Pady v. Quala Systems, Inc.*, 2006 WL 3541631 at * 1 (S.D. Tex. Dec. 7, 2006) (noting that plaintiff's reliance on defendant's contacts with Texas "conflates the tests for personal and subject matter jurisdiction").

Defendant does not dispute that the Court has personal jurisdiction over it in this lawsuit. Accordingly, Defendant's ties to Texas are irrelevant to the Court's inquiry into whether it has subject matter jurisdiction over the instant lawsuit under 28 U.S.C. § 1332.

As noted above, in order for the Court to have subject matter jurisdiction over this case, there must be complete diversity of citizenship between the parties. 28 U.S.C. § 1332. "A controversy is not 'between citizens of different states,' so as to give jurisdiction to the federal courts, unless all the persons on one side of it are citizens of different states from all the persons on the other side." *Strawbridge v. Curtiss*, 3 Cranch 267, 7 U.S. 267, 2 L.Ed. 435 (1806), *overruled on other grounds*, *Louisville, C. & C.R. Co. v. Letson*, 43 U.S. 497, 2 How. 497, 11 L.Ed. 353 (1844). Plaintiffs do not dispute that they are citizens of Texas. Thus, for diversity jurisdiction to exist in this case, Defendant cannot be considered a citizen of Texas.

Title 28 U.S.C. § 1348 provides that for purposes of diversity jurisdiction, "[a]ll national banking associations shall...be deemed citizens of the States in which they are respectively *located*." 28 U.S.C. § 1348 (emphasis added). Recognizing the need for establishing "jurisdictional parity" between national and state banks, the Fifth Circuit found that "located" referred to "a national bank's principal place of business as well as the state specified in the bank's articles of association." *Horton v. Bank One*, 387 F.3d 426, 431 (5th Cir. 2004), *cert. denied*, 546 U.S. 1149 (2006). In *Wachovia Bank v. Schmidt*, 546 U.S. 303, 318 (2006), the Supreme Court concluded that for the purposes of defining "located" in § 1348, citizenship of a national bank is "in the State designated in [the bank's] articles of association as its main office." However, "because [the] issue [was] not presented by the parties or necessary to [the] decision," the Supreme Court declined to state whether a national banking association is also a citizen of the state of its principal place of business as the Fifth Circuit ruled in *Horton*, noting that the location of the bank's "main office" and its principal

place of business will normally coincide. *Id.* at 315 n. 8. Applying *Wachovia* to the instant case, Defendant is a citizen of South Dakota for diversity purposes since Defendant's articles of association have designated Sioux Falls, South Dakota as the location of its main offices. *See Wells Fargo Bank, N.A. v. Anderson*, 2011 WL 1135121 at * 3 (N.D. Tex. Mar. 28, 2011) (holding that Wells Fargo is a citizen of South Dakota for diversity purposes since its main offices are located there, as designated in the articles of association); *Salomon v. Wells Fargo Bank, N.A.*, 2010 WL 2545593 at * 1 (W.D. Tex. June 21, 2010) (same). Because Defendant is a citizen of South Dakota and Plaintiffs are citizens of Texas, complete diversity exists in this case. Even if the Court applied the broader standard used in *Horton*, complete diversity would still exist. Under *Horton*, Defendant would be considered a citizen of both South Dakota and California – where it has its principal place of business. *See Goodman v. Wells Fargo Bank, NA*, 2011 WL 2372044 at * 2 (C.D. Cal. June 1, 2011) (relying on *Horton*, to find that Wells Fargo is a citizen of both South Dakota and California). Thus, diversity jurisdiction would also exist under *Horton* since Plaintiffs are residents of Texas. Because complete diversity under 28 U.S.C. § 1332 exists between the parties in this case, Plaintiffs' Motion to Remand should be denied.

### III.  DEFENDANT'S MOTION TO DISMISS

Defendant argues that this case should be dismissed pursuant to Rule 12(b)(6) because Plaintiffs' claims are based "on the fatally flawed 'show-me-the-note' theory of preventing foreclosure." Motion to Dismiss at p. 1. Defendant contends that Texas courts have repeatedly rejected borrowers demands that lenders "show them the note." In addition, Defendant argues that Plaintiffs' quiet title claim fails to meet the pleading standards under the Federal Rules of Civil Procedure.

Regarding the "show me the note" argument, Plaintiffs deny that they have made any claims "about enforcing a deed of trust to foreclose." *See* Objection to the Motion to Dismiss at p. 1. Rather, Plaintiffs contend that they have only alleged "that Wells Fargo is the registered lender on the Deed of Trust and that is no longer true," and thus request that the Court remove the Deed of Trust and quiet title to the Plaintiffs. *Id.* Regardless, Defendant contends that Plaintiffs' quiet title claims fail to meet the pleading requirements of the Federal Rules of Civil Procedure and should therefore be dismissed.

### A.   Standard of Review

Federal Rule of Civil Procedure 12(b)(6) allows a party to move to dismiss an action for failure to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, "[t]he court accepts all well-pleaded facts as true, viewing them in the light most favorable to the [nonmovant]." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks omitted), *cert. denied*, 552 U.S. 1182 (2008). To survive the motion, a nonmovant must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The court's task is to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). "A claim has facial plausibility when the [nonmovant] pleads factual content that allows the court to draw the reasonable inference that the [movant] is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

Because the Plaintiffs are proceeding *pro se* in this case, the Court must construe the Complaint liberally, and it should be mindful that "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89 (2007) (per curiam) (internal quotation marks omitted).

**B.     Should the lawsuit be dismissed?**

Based upon Plaintiffs' "Objection" to the Motion to Dismiss, it appears that Plaintiffs are only pursuing a quiet title claim in this case.  A suit to quiet title is an equitable action in which the plaintiff seeks to recover possession of property wrongfully withheld.  *Ray v. CitiMortgage, Inc.*, 2011 WL 3269326, at * 4 (W.D. Tex. July 25, 2011) (citing *Porretto v. Patterson*, 251 S.W.3d 701, 708 (Tex. App.– Houston [1st Dist.] 2007, no pet.).  As one court has phrased it, the suit "enables the holder of feeblest equity to remove from his way to legal title any unlawful hindrance having the appearance of better right." *Thomson v. Locke*, 66 Tex. 383, 389, 1 S.W. 112 (1886).  In order to state a viable quiet title claim, the plaintiff "must allege right, title, or ownership in himself or herself with sufficient certainty to enable the court to see he or she has a right of ownership that will warrant judicial interference." *Wright v. Matthews*, 26 S.W.3d 575, 578 (Tex. App.– Beaumont 2000, pet. denied).  "In other words, the plaintiff must recover on the strength of his or her title, not the weakness of his adversary's." *Ray*, 2011 WL 3269326 at * 4.

While Defendant is correct that Plaintiffs have failed to allege sufficient facts to support their quiet title claim, the Court finds that Plaintiffs – who are proceeding *pro se* – should be given an opportunity to file an amended complaint in this case before dismissing their lawsuit.  "Generally a district court errs in dismissing a *pro se* complaint for failure to state a claim under Rule 12(b)(6) without giving the plaintiff an opportunity to amend." *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir.), *cert. denied*, 525 U.S. 865 (1998).  *See also*, *Reece v. Countrywide Home Loans*, 2007 WL

2909575 (5th Cir. Oct. 8, 2007) (holding that plaintiff's *pro se* status required the district court to give him an opportunity to amend his complaint prior to dismissal). Based upon the foregoing, the District Court should permit Plaintiffs to file an amended complaint in this case before dismissing this lawsuit. Plaintiffs are directed to provide the Court with sufficient facts to raise their claim for relief beyond the speculative or conclusory level.

## IV. RECOMMENDATION

The undersigned Magistrate Judge **RECOMMENDS** that the District Court **DENY** Plaintiffs' Motion to Remand to State Court (Clerk's Doc. # 6). It is **FURTHER RECOMMENDED** that the District Court **DENY without prejudice** Defendant's Motion to Dismiss (Clerk's Doc. No. 4) and permit Plaintiffs to have an opportunity to file an Amended Complaint in this case.

## V. WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(c); *Thomas v. Arn*, 474 U.S. 140, 150-53, 106 S. Ct. 466,

472-74 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 30th day of November, 2011.

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE